1819.

LIVINGSTON
v.
GIBBONS.

---

## J. R. LIVINGSTON *against* GIBBONS AND OGDEN.

The name of a defendant cannot be struck out of a bill, on motion of a co-defendant, without his consent, or notice of the application.

Where one of two defendants is a citizen of another state, and there is no joint trust, interest, duty, or concern, in the subject matter of controversy, he may be allowed to appear and defend alone, so as to enable him to remove the cause into the Circuit Court of the *United States*.

If a defendant intends to remove a cause into the Circuit Court of the *United States*, he must file his petition, &c. for that purpose, at the time of entering his appearance in this Court.

Where a defendant files his answer to an injunction bill, and is heard by his counsel, on the merits of the bill and answer, and the court makes a decretal order in the cause; it is too late to apply for the removal of the cause to the Court of the *United States*.

The usual mode of appearing in this Court, is by entering an appearance with one of the *clerks* of Court. But a notice by the defendant's solicitor of an appearance, given to the plaintiff's solicitor, without an entry in the clerk's minutes, would, *it seems*, be binding on the party.

An appearance filed with the *Register*, is an appearance on the *records of the Court*. And where a defendant puts in an answer, which is read in Court, by consent of the opposite counsel, and ordered to be filed with the *register*, and a decretal order is made thereon, in favour of the defendant, it is *an appearance on the records of the Court:* and it is too late, afterwards, to petition for the removal of the cause.

*August 14th.*

HENRY, for the defendant *Gibbons*, moved for an order that the name of *Aaron Ogden* be struck out of this cause,

as a party defendant, or that the defendant *Gibbons* be permitted to defend this suit alone, in the same manner, in all respects, as if the bill had been filed against him alone.

He, at the same time, presented a petition of the defendant *G.*, with an affidavit thereto annexed, stating that he is a citizen of the state of *New-Jersey*, and resides therein, and that the plaintiff is a citizen of the state of *New-York*, and resides therein. That the plaintiff, shortly before the 3d day of *May* last, filed his bill in this suit, praying for an injunction, as in the bill stated; and that on the 3d of *May* a motion was made for an injunction, according to the prayer of the bill. That the motion, as to the defendant *Ogden*, was denied, and as to the defendant *G.* it was denied, so far as respected the navigation of the waters of the sound between *Elizabethtown Point* and *Amboy*, in the state of *New-Jersey*, and it was granted only so far as to restrain the defendant *G.* from navigating with vessels propelled by steam, the bay of *New-York*, &c. That the defendant is owner of the steam boat, called the *Bellona*, and is desirous of employing her in the coasting trade, for which she is licensed. That she is duly enrolled at the port of *Perth Amboy*, in *New-Jersey*. That the petitioner is sole owner of the boat, and has no interest or concern on the subject, with the other defendant *O*. That the matter in dispute in the said cause exceeds 500 dollars. That being desirous of removing the above cause into the Circuit Court of the *United States*, he offers sufficient security for entering the cause and his appearance, in the said Court, on the first day of its next session.

*H. Bleecker*, for the plaintiff, opposed the motion and petition : 1. Because, here was a suit against two defendants, and one of them was no party to the petition. 2. Because, the defendant *G.* had already appeared, in fact, and made a defence, and this Court had passed upon his rights in this cause, on the third day of *May* last.*

1819.

LIVINGSTON
v.
GIBBONS.

* *Vide*, ante p. 48.

1819.

LIVINGSTON
v.
GIBBONS.

*Henry*, in reply, referred to 1 *Caines' Rep.* 248., and *Coleman's Cases*, 58., to show that an application for this purpose is in time, though bail may have been excepted to : to 4 *Johns. Rep.* 493, to show that after judgment against the casual ejector, the landlord is in time; and to *Newland's Ch. Pr.* 35. to show that an appearance in chancery is entered with the clerk.

He insisted that the defendant *G.* had never entered his appearance with one of the clerks, and that the paper on file, purporting to be his answer, had been used merely as an affidavit.

THE CHANCELLOR.   The name of the defendant *Ogden* cannot be struck out of the bill, for he is no party to the present application, and has not had notice of it.   It appears from one of the documents accompanying the petition, that the petitioner *Gibbons*, on the 24th ult. addressed a letter to the defendant *Ogden*, praying to know whether the suit as against *Ogden*, was still subsisting; that if it was still in a course of defence, he would unite in an application to have the cause removed into the court of the *United States*, and that if *Ogden* neglected or refused to join for that purpose, *Gibbons* would apply to have *Ogden's* name struck out of the bill.   All the answer given to the application was, that *Ogden* would not concur in, or authorize any measure to remove the cause, and no notice of the present application has been since given.

The defendant *Gibbons* is entitled to that part of the motion which asks that he may defend alone.   He has no joint concern or interest with his co-defendant, and he is then, as of course, allowed to demur, plead, or answer separately ; and I see no good reason why he may not, also, make the present application for himself.   If the motion should be granted, the suit, as against *Gibbons*, would become entirely separate and distinct, and so, perhaps, it ought to be, if there be no joint trust, or interest, or duty,

or concern in the subject matter of the suit. It ought not to be in the power of a plaintiff to deprive a citizen of another state of his right and privilege to remove the cause, by merely joining with him another defendant who cannot, or who will not, unite in the application.

2. The only serious question on this motion, is whether the defendant *G.* has made his application in due time.

The act of Congress declares, " That if a suit be commenced in any State Court, by a citizen of the state in which the suit is brought, against a citizen of another state, and the matter in dispute exceeds 500 dollars, &c., and the defendant shall, *at the time of entering his appearance in such State Court,* file a petition for the removal of the cause, for trial, &c. and offer good and sufficient surety for his appearance, &c. in such Court, (of the *United States,*) it shall then be the duty of the State Court to accept the surety, and proceed no further in the cause." (1st *Cong.* sess. 1. c. 20. s. 12.)

The question resolves itself into this point, whether the defendant *G.*, previously to the time of filing this petition, entered his appearance in this Court, within the meaning of the law, so as to be now precluded from the benefit of his petition ?

The following facts appear from the records of this Court, and from the papers on file in the register's office.

On the 3d day of *May* last, a motion was made for an injunction, according to the prayer of the bill. Due notice of the motion, together with a copy of the bill, had been previously served upon each of the defendants, *G.* and *O.* The defendant *Ogden* appeared in proper person, and the defendant *Gibbons* by his counsel, *Mr. Scudder,* and opposed the motion, and each of them produced their separate answers to the bill, drawn up in due form, and sworn to, and subscribed by counsel. The reading of those answers was objected to, as the solicitor of the plaintiff had not received notice of them, and they had not been regularly

1819.

LIVINGSTON
v.
GIBBONS.

filed, and the plaintiff was likewise entitled to three weeks, to look into the answers, and to take exceptions to them, if they should appear to be insufficient. They were, therefore, not entitled to be treated as *answers*, but were permitted to be read, and were read and used as *affidavits* of the defendants going to the merits of the bill. The answer (for so it may be called) of the defendant *G*. met the substance of the bill, and brought the merits of the claim to an exclusive privilege set up by the plaintiff, into full and fair discussion. It offered to maintain and prove all the matters and things contained in the answer, " as this honourable Court should direct," and concluded with praying that he might be dismissed with costs. This answer was regularly sworn to by the defendant *G*., as his answer, and was subscribed by *G*. *Griffin*, as his solicitor and counsel, *and was used and filed, as his defence upon the motion*. The case was discussed and considered upon the merits of the bill, and of those answers, and on the same 3d day of *May*, a decretal order was entered, with the knowledge of all the parties.

Do not these proceedings, on the part of the defendant *G*., amount to an election of his tribunal, and a submission to the jurisdiction of this Court? He thought proper to discuss here the merits of the claim, and of his defence, which arose under the motion for an injunction, and he has had the benefit of an opinion of this Court in his favour, on one essential part of the claim. It is evident, also, that he intended to submit his defence to the cognizance of this Court; and the answer which he produced and read, and which is now on file, was intended by him as his appearance and answer to the suit. The act of Congress requires the petition for removal to be coeval, in point of time, with the party's *appearance in Court*, and the defendant is not to be allowed to appear and submit to the consideration of the State Court the merits of the case, either in whole or in part, and after having procured a decision, to apply for a removal of his cause. He is not entitled, under that act,

to an opinion of both the State and the Federal Courts, upon any part of the case, unless in the regular course of appeal or by writ of error. It appears to me, that the defendant is ~~jointly~~ barred, by his appearance and defence, on the 3d of *May* last, from the benefit of his petition, and that he is now out of time with this motion.

But it is urged, that the defendant *G.* has not entered his appearance in the ordinary and formal manner required by the practice of the Court.

The usual mode of a voluntary appearance in this Court, is by entering an appearance with one of the clerks, (and the defendant applies for that purpose by himself, or his solicitor,) and the clerk, or solicitor, gives notice to the plaintiff's solicitor that the appearance is entered. This appearance is nothing more than an entry in the clerk's minutes that the defendant has appeared ; there is nothing so solemn and material in this manner of appearance, but that it may very easily be waived ; and, probably, the defendant would be bound by a notice of appearance given by his solicitor to the opposite solicitor : if an entry of such appearance should become material, the Court would compel the solicitor to have it made.

There is, also, an appearance with the register, and such an appearance, say the books, "is an appearance upon the records of the Court, and differs from an appearance in the office, by a clerk in Court." (*Hinde's Prac.* 144.  1 *Harr. Prac.* 219.) It may be done when the defendant is not in contempt.

In the present case, the defendant *G.* may be considered as having appeared *upon the records of the Court.* He comes into Court, by his counsel, with an answer duly signed by his solicitor and counsel ; that answer is permitted to be read in the presence, and by the consent of, the opposite party, and *it is directed to be filed with the register,* and is made the foundation of a decretal order of the

*+ justly*

Court in favour of the defendant. His appearance is recognized by that decretal order.

I am of opinion, that this amounted to a valid appearance with the register, and, consequently, that the defendant *G.* ought to have presented, at that time, his petition for the removal of the cause; and that, according to the act of Congress, and the reason and equity of the case, in reference to that provision, the motion on the part of the defendant *Gibbons* ought to be denied.

Order accordingly.