## Case No. 10,163.

### NEW JERSEY et al. v. BABCOCK.

[4 Wash. C. C. 344.] [1]

Circuit Court, D. New Jersey. April Term. 1823.

JURISDICTION—SUITS IN WHICH STATE IS A PARTY.

The circuit courts of the United States have not jurisdiction of a cause in which a state is a party; and if a state be a party, and the cause be removed from the state court to the circuit court, the latter court will remand it, even after it has been docketed.

[Cited in Field v. Lownsdale, Case No. 4,769; Fields v. Lamb, Id. 4,775; Texas v. Lewis, 12 Fed. 3, 14 Fed. 66; State v. Columbus & Xenia R. Co., 48 Fed. 628.]

THE COURT having directed this cause to be docketed at the last term, a motion was now made by the counsel for the plaintiff to remand it to the supreme court of this state, from which it had been removed under the twelfth section of the judiciary act of 1789, c. 20. The ground of the motion was, that the state of New Jersey being a party to the suit, this court cannot entertain jurisdiction of the cause as to her, and has no power to remand the cause in part, and to retain it for trial here in respect to the title of Gale, the other lessor of the plaintiff. This motion was opposed upon the following grounds: 1. That the objection to the jurisdiction is prematurely made, and if well founded, ought to be reserved until the trial of the cause. But that, at all events, the motion was inadmissible, after the cause had been docketed by order of the court. 2. That the two counts, one upon the demise of the state, and the other upon that of an individual, are inconsistent with each other, and that Gale, the only real plaintiff, should be put to his election upon which count he means to rely. 3. That

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the supreme court of the United States, under the supervision of Richard Peters. Jr., Esq.]

the act of assembly of this state, passed at the session of 1822, authorizing the governor to institute suits for asserting the rights of the state in certain cases, does not apply to the subject of this suit, and consequently the state is improperly made a party in this cause, for the sole purpose of defeating the remedy provided by the act of congress for the defendant, for removing the cause into this court.

[See Case No. 5,188.]

WASHINGTON, Circuit Justice. The motion to remand this cause to the supreme court of the state in which it was commenced, presents but one question for our consideration, and that is, whether it was properly removed into this court under the provisions of the twelfth section of the judiciary act, which declares that "if a suit be commenced in any state court against an alien, or by a citizen of the state in which the suit is brought, against a citizen of another state, and the matter in dispute exceeds the sum or value of $500, exclusive of costs, &c., it shall be the duty of the state court to proceed no further in the cause." The section then provides for the trial of the cause in the circuit court, to which it is removed. If the cause be not one which is removable from the state to the United States court under the above section, it ought not to be placed upon the docket of the latter court; and if it should be improvidently placed on that docket, either by the order of that court, or without it, it can never be too late, before the trial at least, to remand it to the court from which it was improperly removed. The suit, not having originated in the circuit court, it is impossible that that court can take cognizance of it, unless it was legally removed into it from the court in which it originated. Upon what justifiable ground can the cause be retained here, when the court perceives, from the face of the record, that every step which can be taken in it is coram non judice, and that it must be finally dismissed for want of jurisdiction? By the declaration filed in this case, it appears, that the state of New Jersey is substantially a party plaintiff in the cause; and this is a fact which cannot be controverted at the trial. But this court cannot hold jurisdiction of a cause wherein a state is a party, because it is not bestowed upon it by any act of congress. A suit in which a state is plaintiff, cannot, for another reason, be removed from a state into a United States court, under the above section of the act of congress, since it cannot, without a manifest absurdity, be affirmed, "that the plaintiff is a citizen of the state in which the suit is brought." The only difficulty which this court felt at the last session, upon the motion to docket the cause, arose from considering the insertion of the count upon the demise of the state, as having been made for the purpose of preventing the cause from being removed from the state court, and intended to commit a fraud upon the jurisdiction of this court. But we are satisfied, upon further reflection, that, although it is in the power of a plaintiff to practice a trick of this sort, for the purpose which has been mentioned, still it must rest with congress to provide a remedy for such a case: it is not in the power of this court to do it. All that we can know of the cause is exhibited by the record of it as removed from the state court; and by this, it appears, that the state is a party to the cause, and claims title to the land in controversy. The suit was instituted in a court which had complete jurisdiction of it; and whether it was properly brought or not, either on account of a defect of power in the governor to bring the suit in her name, or of the alleged incompatibility of the two demises in the declaration, are questions which may be fit to be investigated in the state court, but are improperly brought to the view of this court, where a well grounded objection is made, in limine, to its jurisdiction of the cause.

What then can this court do? We cannot retain the whole cause, and give judgment in it for or against the state, because, as to the state, we have no jurisdiction. We should, consequently, be compelled to dismiss the cause as to her from this tribunal; and thus she would be baffled in her efforts to assert her right to the land in controversy; in her own way, either in the state court, or in this. The power of removal, if it exists, would prevent a trial in the former, and the want of jurisdiction would turn her out of the latter. This doctrine can never be maintained. It is quite impossible for this court to sever the cause, and remand that part of it which involves the right of the state, and retain the residue of it. The truth is, that unless the circuit court has jurisdiction of the whole of the cause, the case is not embraced by the above section of the act of congress, which speaks of a suit commenced by a citizen of the state in which it is brought: and provides that the state court shall proceed no further in the cause. The whole cause or suit then must be removed, or no part of it can. The inconvenience, if it be one, to which the defendant is subjected of trying his cause in the state court, instead of a court of the United States; is not greater than is experienced in many other cases where there are more parties than one, plaintiffs or defendants; as to some of whom, the court has jurisdiction, but not so as to the others. In such cases, if all the parties must join, the jurisdiction of the federal courts is excluded. 1 Wheat. [14 U. S.] 91. 3 Cranch [7 U. S.] 267. The cause remanded.