## Case No. 249.

### ALLIN v. ROBINSON.

[1 Dill. 119.][1]

#### Circuit Court, D. Missouri. 1871.

REMOVAL OF SUITS—ACT OF JULY 27, 1866, CONSTRUED.

1. Where the plaintiff, being a citizen of the states, brought ejectment in the usual form, in the state court, against the defendant, also a citizen of the state, who pleaded to the merits, and a third person, a citizen of another state, was, on his own application, made a co-defendant, but filed no plea; and both joined in a petition for the removal of the cause to the federal court, stating no facts in relation to the ownership of the land, or their relation to each other, and the court ordered the removal: Held. that the cause was improperly transferred; and the same was remanded.

[Cited in Case v. Douglas, Case No. 2,491.]

2. Whether the non-resident landlord may, in such case, where the title is in dispute, and the resident defendant is a mere tenant, have the cause removed on proper petition under the act of July 27, 1866, quere.

[Motion to remand cause to state court. Motion sustained.]

Allin commenced in one of the courts in Missouri, and pursuant to the statutes of the state, an action of ejectment against Robinson. In form the action is possessory, the petition alleging that the plaintiff is entitled to the possession of the property (which is described), and that the defendant wrongfully detains the same from him. Robinson was served and filed an answer denying the allegations of the petition, and claiming the property in his own right. ·Subsequently, one Prince appeared, and stating to the court that he was the legal owner of the land, asked to be made a co-defendant, and the court granted his application. Prince

[1][Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

has no answer or other pleading on file. In this condition of the case Robinson (both he and the plaintiff being citizens of Missouri), and Prince, who is a citizen of Illinois, joined in an application to the state court to have the cause removed to this court. The petition for the removal stated only that the value of the land exceeded $500, and that Prince was a citizen of the state of Illinois. It contained no statement concerning the ownership of the land nor the relations which Robinson and Prince sustained towards each other in respect thereto. On this petition the state court made an order, removing the whole cause as respects both defendants, to this court; and here the plaintiff now moves that the cause be remanded to the state court, on the ground that it was improperly transferred.

Ewing & Holliday, for plaintiff.

Krum & Decker and Edmund T. Allen, for defendant.

Before DILLON, Circuit Judge, and TREAT and KREKEL, District Judges.

DILLON, Circuit Judge.—The defendant's counsel in argument seeks to support the order of removal on the ground that Prince is the real owner, and Robinson but his tenant, and that the action, though in form possessory, is in reality brought to try the title which is in dispute between the plaintiff and Prince; and he claims that under such circumstances, Prince, as a non-resident, had, under the act of July 27, 1866, (14 Stat. 306,) a right at all events, to have the cause removed as to him, and that if remanded it should be remanded only as respects Robinson. Prior to the act of 1866, just mentioned, it is clear that Prince having been admitted as a co-defendant, and standing on the record as such, could not have the cause removed, since it was not removable as to Robinson, he being a citizen of Missouri. Torry v. Beardsley, [Case No. 14,104.] Title may be tried in this form of action as was adjudged by the supreme court of the United States, in Miles v. Caldwell, 2 Wall. [69 U. S.] 35; and if in this case Robinson had filed an answer disclaiming all title or right, or claiming under Prince, and the latter had shown in his petition that he was a citizen of Illinois, that he owned the land, that the action involved his title thereto, that its value exceeded the sum of $500, and asking a removal as to him, we would have then presented for decision the question which the defendants' counsel has argued, but which does not arise upon the record of the proceedings in the state court. On the face of those proceedings the order for the removal was erroneously made, both as respects Robinson and Prince, and the cause as to both must be remanded. Motion sustained.

TREAT and KREKEL, District Judges, concur.