WIRT (UNITED STATES v.). See Case No. 16,745.

WIRT (WARFIELD v.). See Case No. 17,174.

WIRTZ (JOY v.). See Cases Nos. 7,553 and 7,554.

WISCONSIN, The. See Case No. 6,317.

WISCONSIN, The (BOYER v.). See Case No. 6,317.

---

## Case No. 17,902.

### WISCONSIN v. DULUTH et al.

[2 Dill. 406; [1] 11 Am. Law Reg. (N. S.) 709; 5 Am. Law T. Rep. U. S. Cts. 299; 4 Chi. Leg. News. 405; 7 Am. Law Rev. 369; 29 Leg. Int. 268.]

Circuit Court, D. Minnesota. June, 1872.

RIGHT OF STATE TO SUE IN FEDERAL COURT.

A state cannot maintain as plaintiff an action in the circuit court of the United States.

[Cited in State of Texas v. Lewis, 12 Fed. 3; s. c. 14 Fed. 66: Harvey v. Com., 20 Fed. 421; Ames v. State of Kansas, 111 U. S. 469, 4 Sup. Ct. 447.]

The bill in equity of the state of Wisconsin asserts the interest of the state and of her citizens in the navigation of the river St. Louis, from its mouth, where it empties into Lake Superior, at Superior City, for about

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

twenty miles up the river, a part of which, by reason of the expansion of the river, is known as the "Bay of Superior," and it aleges that the city of Duluth, and Mr. Luce, the mayor of that city, and the Northern Pacific Railroad Company, are now extending a dyke into the navigable waters of said river, whereby the use of the river for navigation will be seriously obstructed, and the rights of the state of Wisconsin and of her citizens will be impaired. The bill prays for an injunction, and other appropriate relief.

Orton & Setzer, for the State of Wisconsin. Mr. Stearns, for defendant.

Before MILLER, Circuit Justice, and DILLON, Circuit Judge.

MILLER, Circuit Justice. The case comes before us at this time for a preliminary injunction, and the defendants raise the question of the jurisdiction of the circuit court, and move to dismiss the bill on that ground.

The question thus presented is whether a state of the Union can maintain a suit in a circuit court of the United States. It is one of interest and of great importance. As we shall presently see, it does not appear to have ever been decided by the supreme court, and has only received the attention of the circuit courts in two or three reported cases.

It is not claimed in behalf of plaintiff that the jurisdiction can be maintained on the nature of the rights asserted in the bill without regard to the character of the parties, but it is insisted that as one of the states of the federal Union, Wisconsin can sustain any action which can properly be brought in a circuit court. The constitution, in the second section of the third article, declares that the judicial power shall extend to controversies between a state and citizens of another state, and as the defendant Luce and the city of Duluth are undeniably citizens of the state of Minnesota, the case in that respect comes within that provision of the fundamental law. The succeeding clause, however, of the same section, in defining the jurisdiction of the supreme court, the only court established by the constitution, uses language which cannot be disregarded in this connection. It says that in all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be a party, the supreme court shall have original jurisdiction. In all other cases before mentioned, it shall have appellate jurisdiction, both as to law and fact, with such exceptions and under such regulations as the congress shall make.

As this is a case in which a state is a party, the supreme court undoubtedly has original jurisdiction of it, if it is one to which the power of the federal judiciary extends; and this jurisdiction it has without the aid of any act of congress, for it is con-

ferred in clear and express terms by the constitution. Nor is this affected by the eleventh amendment to the constitution, for that only protects the states from suits commenced or prosecuted against them when brought by citizens of another state or of a foreign state. It may, therefore, be safely affirmed that the supreme court would have jurisdiction of this suit, so far as the character of the parties can give it, if brought in that court. Pennsylvania v. Wheeling Bridge Co., 13 How. [54 U. S.] 518. As that court has original jurisdiction of such suits, it would seem that it cannot have in any such case appellate jurisdiction. The section in the constitution which confers it as original is followed by the declaration that in all other cases before mentioned the supreme court shall have appellate jurisdiction. Did the framers of the constitution intend to give to the supreme court both an original and appellate jurisdiction in the same class of cases founded in the character of the parties? Or did it by this clause intend to define the cases in which it should have original, and those in which it should have appellate, jurisdiction, and to distinguish and separate them from each other? The natural import of the language used, defining specially the cases in which it has original jurisdiction, and declaring that in all others its jurisdiction shall be appellate, favors very strongly the idea that in those classes of cases of which it has original cognizance, it can have no appellate jurisdiction. If this be a sound exposition of the constitution, it follows that if there is in the circuit courts a jurisdiction concurrent with the supreme court in cases to which a state is a party, no appeal or writ of error can be taken when the suit is brought in the former. This would be an anomaly in our system of jurisprudence, which stands alone, and it weighs very heavily against a construction of the act of congress creating the circuit courts, and conferring their powers, which brings such cases within their jurisdiction by mere implication.

But waiving this view of the subject for the present, these propositions may be fairly deduced from the constitution in regard to suits brought by a state against citizens of another state: (1) That the judiciary power of the federal government extends to such cases. (2) That the supreme court has original jurisdiction of such cases. (3) That jurisdiction is conferred on no other court of such cases by the constitution propria vigore.

Conceding, then, that the jurisdiction of the supreme court as derived from the constitution is not exclusive in this class of cases, we must still look to some other source of authority than that instrument when a concurrent jurisdiction is claimed for some other court. It may also be conceded, and perhaps that is the established doctrine, that the states have lawfully conferred such a power on their own courts when exercised on persons or property within their territorial limits, and that to this extent such a concurrent jurisdiction exists. But when it is claimed for any other federal court than the supreme court, the power must be found in an act of congress.

It is a proposition which admits of no further debate, and needs the citation of no authorities at this day, that all courts of the United States, except the supreme court, being the mere creatures of congressional statute, can exercise no jurisdiction but such as is given by those statutes; and even the supreme court is limited in all except the original jurisdiction given it by the constitution—a very small portion, indeed, of the power which it exercises—by the will of congress as expressed in its legislation. We turn, then, to the act of 1789 [1 Stat. 73], establishing the judiciary system of the United States, to which alone we can look for the requisite authority; for though there are many subsequent statutes conferring jurisdiction on the federal courts, there are none which can affect the question before us. The fourth section of that act creates the circuit courts, and the eleventh defines their powers, and confers their jurisdiction. The latter declares that they shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs, or petitioner, or an alien is a party, or the suit is between a citizen of the state where the suit is brought and a citizen of another state.

This is all that is to be found in this section conferring jurisdiction on the ground of the character of the parties, and we look here in vain for any jurisdiction where a state is a party. I do not know if the idea has ever been advanced that a state is a mere aggregation of its own citizens, and therefore has the same right to bring suit that any one of its citizens has. It has not been asserted by counsel in the case before us. It certainly cannot be maintained upon any sound view of the constitution. If the word "state" is used in that sense in the constitutional provision, it is useless, because there is the provision that the judicial power extends to controversies between citizens of different states, and if a state is but the aggregate of its citizens, then the other is unnecessary. The clause in that instrument conferring original jurisdiction on the supreme court in cases where a state is a party, certainly does not confer jurisdiction when citizens of different states are parties. In view, then, of the constitutional foundation on which alone a state can be a party in the federal courts, no such construction of the statute defining the jurisdiction of the circuit court can be sound.

A like conclusion results from an exam-

ination of the thirteenth section of the judiciary act. It declares that the supreme court shall have exclusive jurisdiction of all controversies of a civil nature where a state is a party, except between a state and its citizens, and except, also, between a state and citizens of other states, or aliens, in which latter case it shall have original but not exclusive jurisdiction. Now, in all these cases congress makes a very clear distinction between a state and its citizens, and it denies to the supreme court any original jurisdiction between a state and its own citizens, and confers on it jurisdiction original but not exclusive, as between a state and citizens of other states. This latter is the precise class of cases to which the one before us belongs; and it would be a violation of all sound rules of construction to say that the same jurisdiction exactly is conferred on the circuit court, by using the phrase, "controversies between citizens of different states," —a phrase applied both in this statute and in the constitution to a very different class of controversies from the case under consideration.

This precise question was raised in the case of Osborne v. Bank of U. S., 9 Wheat. [22 U. S.] 841, in which the jurisdiction conferred by the constitution, where a state is a party, is held to apply only where a state in its corporate or sovereign character is by name an actual party to the record.

It is argued, however, that inasmuch as the constitution, in conferring original jurisdiction in this class of cases on the supreme court, did not make that jurisdiction exclusive, and the thirteenth section of the act of 1789 declares expressly that it shall not be exclusive, that the concurrent jurisdiction which is thus implied to be or remain in some other court must be in the circuit court. It would be a sufficient answer to this to say that if it must necessarily be in a court of the United States, it might as well be sought in the district court as in the circuit court, for there is nothing in the statute defining the jurisdiction of either of those courts which refers to this jurisdiction, even by implication. But even if the language of the thirteenth section of the judiciary act does imply a concurrent jurisdiction in some other court, we have already seen that such a jurisdiction exists now, and has always probably existed in the state courts. And the probability that it was to this that the thirteenth section had reference is the stronger, because in many other cases that statute recognizes, both in express terms and by fair implication, such a concurrent power in the state courts with those of the United States. Such is the case with the great body of the jurisdiction of the circuit courts in regard to aliens, citizens of different states, and suits brought by the United States. So, also, of admiralty courts, where the common law furnishes a remedy, and other grounds of jurisdiction of the district

courts mentioned in the ninth section of the same statute. There is every reason, therefore, to infer that congress in declaring that the original jurisdiction of the supreme court in this class of cases shall not be exclusive, had reference to the jurisdiction over the same class of cases intended to be left with the state courts, and which, as we have already seen, they have uniformly and constantly exercised without objection. But if congress can confer on the circuit courts an original jurisdiction in this class of cases, concurrent with that of the supreme court, it is a sufficient answer to say that it has not done it. And in the face of the fact that congress has not in any other instance whatever, during a period of over eighty years that the government has existed, attempted to confer on those two courts a concurrent jurisdiction, is an argument of great force against implying such exercise of the power, in the absence of words expressly granting it. It would indeed be curious if, when the constitution which gave so limited an original jurisdiction to the supreme court, made a suit brought by a state against citizens of another state, one of that limited number, congress had conferred the same jurisdiction on an inferior tribunal without an appeal to the former.

Looking at the question which we are considering as it may be affected by the authority of judicial decisions, we have been unable to find, with the limited opportunity which the exigency of this case gives for investigation, any case in which it has been decided that such jurisdiction exists in the circuit court.

Some reference is made to the remarks of the supreme court, and in the dissenting opinion of the chief justice in the Wheeling Bridge Case, 13 How. [54 U. S.] 18, which are supposed to favor such a doctrine. But no such question was before the court, and both the chief justice and Justice McLean said nothing more than that the merits of that case, which was an original suit in the supreme court, must be governed by the same rules of law as would govern the circuit court of the district of Virginia, if the case was pending before it; but it does not appear that the question whether the case with such parties could be sustained in that court had occurred to their minds. Such a suit, brought by the state of Indiana, was tried by Mr. Justice McLean in the circuit court, without the question being raised. It is the case of Indiana v. Miller [Case No. 7,022], and was removed by consent from the state court and the facts stipulated for the judgment of the court on the case. No thought seems to have been given, either by the court or counsel, to the question of jurisdiction.

On the other hand, we have the judgment of the circuit court for the district of Georgia, as stated by Judge Iredell, in the case of State of Georgia v. Brailsford, 2 Dall. [2

U. S.] 402. The case, as reported in Dallas, was a suit brought in the supreme court by the state of Georgia, by a bill in chancery. Judge Iredell, in his opinion, says that in a suit about the same subject matter before him in the circuit court, he had refused to permit the state of Georgia to intervene, because the circuit court could have no jurisdiction of a case in which a state was a party. He had, then, at that early day, decided this question; and though Mr. Justice Wilson thought it was error, he gives no reason for it which at this day would have any weight.

The case of Gale v. Babcock [Case No. 5,-188] is also directly in point. Mr. Justice Washington, in that case, remanded it · to the state court, on the ground that the circuit courts had no jurisdiction of a suit to which a state was a party. And in a very recent case (North Carolina v. Trustees of University [Id. 10,318]) the circuit court of North Carolina decided the same way. These three are all the direct decisions we have found, and they all deny the jurisdiction.

We are well satisfied that such is the sound construction of the constitution and the acts of congress bearing on the question; and we have the less reluctance in dismissing the bill, as we must for want of jurisdiction, in this court, because we have no doubt that both the state courts of Minnesota and the supreme court of the United States are open to the state of Wisconsin for such relief as she may be entitled to.

NOTE. A similar bill was afterwards filed by the state of Wisconsin in the supreme court of the United States, but the controversy is said to have been subsequently adjusted. [See 96 U. S. 379.] As to the former bill by the United States, see U. S. v. Duluth [Case No. 15,001.]

WISCONSIN (MADISON & P. R. CO. v.). See Case No. 8,938.

WISCONSIN CENT. R. CO. (STERN v.). See Case No. 13,378.

WISCONSIN M. & F. INS. CO. BANK (ROBINSON v.). See Case No. 11,969.

WISCONSIN VALLEY R. CO. (WARREN v.). See Case No. 17,204.