JAMES CALLOWAY and others *v.* T'TE ORE KNOB COPPER COMPANY and others.

In a joint action against several defendants some of whom are residents of the State in whose court the action is brought, where such resident defendants are unnecessary or merely formal parties: *It is not error*, upon proper affidavit and bond filed by the non resident defendants, to remove the cause to the Circuit Court of the United States.

The fact that such resident defendants were made parties to the action upon motion of the non-resident defendants, is immaterial and constitutes no waiver of the right of the latter to a removal.

This was a MOTION in the cause heard before his Honor, *Furches, J.,* at Fall Term, 1875, of the Superior Court of ASHE county.

The defendants moved the court upon affidavit and bond filed, to allow the action to be removed to the Circuit Court of the United States. Upon the hearing, the motion was allowed.

All other facts relating to the points raised and decided in this court, are fully stated in the opinion of Justice RODMAN.

From the ruling of the court, allowing the motion, the plaintiffs appealed.

*M. L. McCorkle*, for the appellants.
*Armfield & Folk* and *Johnstone Jones*, contra.

RODMAN, J.   The plaintiffs brought their action to recover certain lands lying in Ashe county, of which the Ore Knob Company is in possession, and for an account of profits, &c.   The plaintiffs claim title under a deed to them from George E. Miller and John L. Miller, made on November 6th, 1854.   The defendant company claims the land under a deed from the said George E. Miller (who had previously purchased the estate of the said John L. Miller) dated March 31st, 1873, to Clayton, and by him conveyed to the company.   The defendants allege that the deed to plaintiffs was obtained by fraud, and that the grantors therein being very ignorant men, were informed and made to believe that it was merely a lease to search for minerals, &c.

The action was brought against the company alone.   But at Spring Term, 1875, of Ashe Superior Court, on motion of the company, the said George and John Miller were added as defendants, and filed answers stating substantially the same matters in defence as those contained in the answer of the company.

The cause being at issue at Fall Term, 1875, Clayton, for the defendant company, made affidavit in due form that the property in dispute was worth over $500 ; that plaintiffs were citizens of North Carolina; that the company was incorporated in Maryland, and that the president, directors and all the stockholders resided in that State ; and that by reason of prejudice and local influence, the defendants in his belief would not be able to obtain justice in the court in which the action was pending.   The defendants also gave bond, as required by the act of Congress.   They thereupon moved that the action be transferred to the Circuit Court of the United States for trial, which motion the Judge allowed, and from his order to that effect the plaintiffs appealed to this court.

The act of Congress, under which the right to remove the case is claimed, is in the following words:

" Third. When a suit is between a citizen of the State in which it is brought, and a citizen of another State, it may be so removed on the petition of the latter, whether he be plaintiff or defendant, filed at any time before the trial or final hearing of the suit, if before, or at the time of filing said petion, he makes and files in said State court an affidavit, stating that he has reason to believe and does believe that from prejudice or local influence, he will not be able to obtain justice in such State court." Rev. Stat. of U. S., 639.

It is not denied that if the Ore Knob Company was the sole defendant, it would be a proper case for removal. But it is contended that when there is a joint action against several defendants, and some of them are citizens of the State, in whose court this action is brought, no such right to remove exists. *Case of the Sewing Machine Companies*, 18 Wall. This may be true where all of the defendants have a common interest. But surely it cannot apply where the defendants, who are citizens of the State, disclaim any interest in the controversy, and are unnecessary, or, at best, merely formal parties.

The pleadings in this case show that such is the case in respect to the Millers. It is not material that they were made defendants upon the motion of the company. That act being done " *diverse intuitu*," was not a waiver by the company of its rtght to remove. The Millers are, nevertheless, unnecessary parties. No judgment is prayed for or against them, and they disclaim all interest in the controversy, admitting that they had assigned all their estate to the company.

Judgment below affirmed. Let this opinion be certified.

PER CURIAM.                                Judgment affirmed.