# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

## STATE OF TEXAS *v.* LEWIS and others.

*(Circuit Court, N. D. Texas. April, 1882.)*

1. **REMOVAL OF CAUSE—NOMINAL PARTIES.**

   A tenant in possession sued in trespass to try the title to land, and who disclaims title, may have her landlord, the real party in interest, substituted as defendant. In such case she is but a nominal party on the record, whose presence could not defeat the right of the real parties in interest to have the cause determined in the federal court.

   *Greene* v. *Klinger*, 10 FED. REP. 689, followed.

2. **SAME—ACTIONS BROUGHT BY STATE—ALIEN DEFENDANTS—RIGHT TO REMOVE.**

   Where, by act of congress, the power of the United States judiciary was extended to controversies between a state and the citizens thereof and subjects of a foreign state, the act is broad enough to cover a suit brought by the state against the subjects of friendly foreign powers, and such alien defendants, being the real parties in interest, have the right to have their cause removed for trial to the circuit court, and a motion to remand should be refused.

Motion by the Plaintiff to Remand to the State Court.

*Clark & Dyer, C. A. Jennings,* the Attorney General of Texas, and the County Attorney of McLennan county, for plaintiff.

*C. S. West* and *Gen. Thos. Harrison,* for defendants.

MCCORMICK, D. J. The record shows that in accordance with a joint resolution of the sixteenth legislature, passed the nineteenth of February, 1879, directing a suit to be brought for the purpose of

settling the title of the state, and of those who held title under the state, as purchasers of certain of the university lands, this suit was brought, in the name of the state, in the district court of McLennan county, against Jenny Lewis, a citizen of Texas. She answered, disclaiming all title or interest, in her own right, in the subject-matter in controversy, alleging that she was only on the land in her capacity as tenant of her landlords, Gregorio Jose Martinez Del Rio and Pabla Jose Martinez Del Rio, and prays that they may be permitted to appear as defendants. At the same time the Del Rios, alleging themselves to be residents of the republic of Mexico and subjects of Great Britain, appear, and, making themselves parties defendant and answering said suit, proceed in due time, by proper steps, to remove the cause to this court, and file in due time in this court the transcript of the proceedings had in the state court.

The grounds relied on in argument in support of the motion to remand may be resolved into two :

(1) Because the defendant Jenny Lewis is a citizen of Texas, and a necessary party to the suit. (2) Because this court has no jurisdiction of a case wherein a sovereign state of this Union is the plaintiff, even though the defendants are aliens, and the case is attempted to be brought here by removal from the state court.

The Texas statute, in reference to the action of trespass to try title, provides in article 4789, Rev. St. :

"When such actions shall be commenced against a tenant in possession the landlord may enter himself as the defendant, or he may be made a party on the motion of such tenant, and he shall be entitled to make the same defence as if the suit had been originally commenced against him."

The defendant Jenny Lewis, upon her landlords becoming defendants, fully disclaimed all interest and any title in the land in suit, and asks the judgment of the court. Whether, for certain purposes of the action, the plaintiff had the right to have this disclaiming defendant, who was the actual occupier of the premises, retained as a defendant, it seems clear to my mind that within the meaning of the acts of congress on the subject of removal of causes from the state courts, Jenny Lewis was a mere nominal party, whose presence as a defendant on the record could not defeat the right of the real defendants to the controversy to have the same heard and determined by this court. This, I think, is clearly embraced in the actions and opinions of Judges Duval, Wood, and Pardee, in the cases 1,811, 1,812, and 1,813. *Greene* v. *Klinger*, in the circuit court for western district of Texas, at Austin, 10 FED. REP. 689.

The other ground presents more difficulty, and involves questions which, while they may have been the subject more or less of judicial discussion, have not been directly involved in any decision of the supreme court, and as here presented have not, as I conceive, been ruled upon by any of the circuit court decisions to which I have had access. I have not been able to examine the case of *Gale* v. *Babcock,* 4 Wash. C. C. 344, not being furnished or able to obtain the report of the case, but from references to it in other opinions it was not a suit against an alien. The cases cited by plaintiff's counsel from 4 Dallas, 12; 2 Pet. 136; 5 Cranch, 303; 2 Blatchf. 162; 3 Blatchf. 244, do not reach the question involved here.

In *Prentiss* v. *Brennan,* 2 Blatchf. 164, Judge Nelson carefully limits his language to "individual parties," a limitation which it is plain to my mind must be implied in each of the other cases cited.

*State* v. *Brailsford,* 2 Dallas, 402, shows that Judge Iredell, on the circuit, refused to let the state intervene, holding, as shown in his opinion, that "whenever a state is a party the supreme court has exclusive jurisdiction of the suit." Mr. Justice Wilson expresses a different view, and the other judges announce no opinion on that question.

In *State* v. *Trustees of University,* 5 N. B. R. 466, Judge Brooks refused to entertain a suit by the state against its own citizens, taking exception on his own motion to the jurisdiction, without the suggestion of counsel or benefit of argument thereon, and his view, strongly expressed, is that where the jurisdiction depends upon the character of the parties and not the character of the subject in controversy, any attempt upon the part of congress to vest jurisdiction of causes in which a state is a party in the circuit court would be ineffectual.

In *Wisconsin* v. *Duluth,* 2 Dill. 406, Mr. Justice Miller dismissed the plaintiff's bill, (*Dillon,* C. J., concurring,) holding expressly that a state cannot bring an action or suit in the circuit court of the United States against a citizen or citizens of another state. His opinion in that case shows that it was carefully considered, and, though he suggests the limited opportunity which the exigency of the case gave for investigation, the cast of the opinion clearly shows that he then had present before his mind the rulings and the reasonings of all the reported cases bearing upon the question. He alludes to the view that had been advanced, that the constitution having given the supreme court original jurisdiction, that court could not exercise, also, appellate jurisdiction, and that, therefore, if the circuit court could exercise jurisdiction in such cases, no appeal or writ

of error could be had when such suits were brought in the circuit court; and he says that the natural import of the language used in the constitution favors very strongly this idea. He, however, waives this view of the question, and proceeds to show that the constitution extends the judiciary power of the federal government to such cases (a state against citizens of another state) and gives the supreme court original jurisdiction, and does not, *proprio vigore;* confer jurisdiction of such cases on any other court; that all other courts of the United States, being creatures of the statute, can exercise no jurisdiction but such as is given by the statute; that if congress can confer on the circuit courts original jurisdiction in this class of cases, it is a sufficient answer to say that it has not done it. And, in conclusion, he announces "that it is with the less reluctance we dismiss the bill, as we must for want of jurisdiction in this court, because we have no doubt that both the state courts of Minnesota and the supreme court of the United States are open to the state of Wisconsin for such relief as she may be entitled to."

Does it follow from the proposition that neither the constitution nor any act of congress authorizes a state to sue in the circuit court, that where a suit is properly brought, in a state court having unquestioned jurisdiction, by a state against an alien, the alien cannot, under section 639, Rev. St., remove the cause to the circuit court?

The language of this section is very broad: "Any suit commenced in any state court * * * may be removed * * * in the cases and in the manner stated in this section: *First,* when the suit is against an alien." This is certainly a suit brought in a state court. There can be no question as to the jurisdiction of the state court to enforce the rightful claims of the state against persons or real property within her bounds. This case now stands as though it had originally been brought against the alien defendants; but at the institution of the suit the only defendant then disclosed, and, for all that appears, the only adverse claimant then known to the plaintiff, was a citizen of Texas, of which parties only the state courts could entertain jurisdiction. It subsequently appeared (as Chief Justice Marshall announced might often occur) that the real parties to the controversy were such as brought the case within the judiciary power of the United States. A party clearly entitled to have his rights passed upon by the courts of the United States, finds himself sued in a state court in a controversy involving values of large amount. A statute of the United States, expressed in terms apparently broad enough to comprehend his case, directs the steps by which he can

remove the case to the circuit court. Those steps are taken; the case is docketed here in apparent accordance with that statute. Is this court without jurisdiction because jurisdiction has not been given by the act of congress?

The language of the act is surely broad enough to include this case, unless the true construction and import of section 2, art. 3, of the constitution withholds from the legislature the power to vest jurisdiction in the circuit courts, (dependent upon the character of the parties,) in cases "in which a state shall be a party." In my judg- ment this is not held by the case of *Wisconsin* v. *Duluth* or *Prentiss* v. *Brennan*; and the reasoning of Chief Justice Marshall in *Cohens* v. *Virginia*, 6 Wheat. 264, and in *Osborn* v. *Bank of U. S.* 9 Wheat. 738, is certainly not inconsistent with the view that congress could vest such jurisdiction in the circuit courts. The language used by him in his opinions in those cases, and the language used by Mr. Justice McLean and Chief Justice Taney in the opinions they delivered in the case of *Pennsylvania* v. *Wheeling Bridge Co.* 13 How. 520, indicates that those eminent judges, and perhaps the whole court as then constituted, were of opinion that the giving the supreme court original jurisdiction, in cases "in which a state shall be party," did not so vest in that court exclusive jurisdiction in such cases as to withhold from congress the power to vest in the circuit court a concurrent jurisdiction in such cases.

It is conceded, being well settled by those cases and many subse- quent ones, that cases where the subject-matter of the controversy would give the federal judiciary jurisdiction, may originate in other courts and be removed to the circuit court or taken by appeal or writ of error to the supreme court, although a state shall be party. And this was the phase of the question judicially pressing upon the mind of the judges in those early cases. They appear to consider the pro- vision giving the supreme court original jurisdiction in cases in which a state shall be party, to have been adopted out of regard for the dignity of the party. At the time of the adoption of this provision of the constitution it had not been deemed necessary or expedient to exempt the states from being sued by citizens of another state, or by citizens or subjects of foreign states. Now, out of regard to the dig- nity of a state, she is exempt from being sued in the United States courts, and on account of her dignity she is permitted to bring an original suit in the supreme court of the United States, when she has a case to which the judiciary power of the United States extends. But when, disregarding or waiving this privilege, she voluntarily comes into

another court, must she not come as any other suitor, subject to all the conditions and provisions which would apply were one of her citizens the plaintiff instead of herself?

Here, as this suit now stands, the state of Texas has brought a suit in a state court, wherein the amount in dispute, exclusive of costs, greatly exceeds the sum of value of $500, against alien defendants. It does not appear that the subject-matter of the suit falls within the judiciary power of the United States, hence there can be no removal by writ of error after trial to the supreme court. There is no statute providing for removal before trial of any suit from a state court to the supreme court of the United States. If congress can provide for the removal of such cases to the circuit court, the provision is ample. If congress cannot so provide, here is a case between a state and a subject of a foreign state, (to which the judiciary power, by express terms, extends,) wherein the subject of a foreign state cannot invoke the protecting ægis of the judiciary power of the United States. And if that power was extended to controversies between a state and the citizens thereof, and subjects of a foreign state, to give to the subjects of friendly foreign powers an assurance they might not be able otherwise to entertain, of receiving impartial justice in the judicial determination of any controversy which might be urged against them by one of our states or the citizens thereof, surely this case brings these defendants within the mischief intended to be guarded against. Here the state on her own behalf, and that, too, as actual trustee of a sacred fund, dedicated to a purpose which enlists the most noble pride and warmest affection of our whole people, and also on behalf of individual citizens, numerous, perhaps, and influential residents of McLennan county, where the suit is brought, who have purchased lands from the state involved in the same questions sought to be settled by this suit, brings this suit in her own courts against these alien defendants. In the absence of constitutional or statutory provisions reaching the case, its features, as I have grouped them, would address a constituent or legislative assembly rather than a court of justice. But courts of justice, in the discharge of their duty to declare the true import and construction of constitutional and statutory provisions, do derive abundant aid from the consideration of all the material features of the case actually made before them; and it is this which gives to judicial decisions a weight of authority not accorded to any merely speculative reasoning of the most eminent judges. From a careful consideration of the terms of the constitution, and of the acts of congress bearing on the questions, and a full

examination of all the authorities to which counsel have referred, I am constrained to hold that the defendants have the right to have this cause tried by this court, and that the motion to remand should be refused.  And it is so ordered.

## NOTE.

NOMINAL PARTIES.  The non-joinder of nominal or unnecessary parties will not defeat the right to a removal.(a)  They are not to be treated as parties, although made parties to the suit.(b)  So, if a citizen of the state where suit is brought is not a necessary party, and his presence is not essential, the non-resident defendant may remove although the former does not unite in the petition;(c)  and where all the defendants join but one, and that one is an unnecessary party, the cause may be removed.(d)  So, if plaintiff is a citizen of another state he may remove the cause if some of the defendants, citizens of another state, are merely nominal parties.(e)  The right to a removal is not affected by the fact that a defendant, a citizen of the same state, is a proper but not an indispensable party to a separable controversy.(f)  Where the real party to a controversy is clearly entitled to have his rights passed upon by the courts of the United States, he is entitled to remove although the nominal party has no such right.(g)  So, where a landlord, the real owner, assumes the defence, he makes himself a party, and being the real defendant may remove the cause if he be a citizen of a state other than that of the plaintiff.(h)  So, in ejectment, the sole owner may remove, although his grantor, a citizen of the same state as plaintiff, is a party.(i)  If the only relief prayed in a suit against a corporation and its officers is by injunction, the officers are merely nominal parties;(j) so of a suit to enjoin the execution of a lease.(k)  They are not such necessary parties to a suit involving title to lands as to prevent a removal.(l)  Officers joined as defendants in equity, but as to whom no relief is prayed, are nominal parties, such as will not defeat the right to a removal.(m)  Where a non-resident stockholder of a banking corporation does not unite in the application, the corporation cannot be heard to complain; the objection can only be assigned as error by the party himself.(n)  State and county officers are not necessary parties to a controversy relating to the validity of bonds.(o)—[ED.

(a) Wood v. Davis, 18 How. 467; Ward v. Arredondo. 1 Paine, 410; Arapahoe Co. v. Kansas P. R. Co. 4 Dill. 277; Edgerton v. Gilpin, 3 Woods, 277; Fisk v. Chicago, R. I. & P. R. Co. 53 Barb. 472; Mayor, etc., v. Cummins, 47 Ga. 321; Calloway v. Ore Knob Co. 74 N. C. 200.

(b) Livingston v. Gibson. 4 Johns. Ch. 94; James v. Thurston, 6 R. I. 428.

(c) Hatch v. Chicago, R. I. & P. R. Co. 6 Blatchf. 105; Ex parte Girard, 3 Wall. Jr. 263; Hadley v. Dunlap, 10 Ohio St. 1; Livingston v. Gibbons, 4 Johns. Ch. 94, contra; Wilson v. Blodget. 4 McLean, 363.

(d) Cooke v. Seligman, 7 Fed. Rep. 263.

(e) Akerly v. Vilas, 2 Biss. 110.  See Sands v. Smith, 1 Dill. 290.

(f) Barney v. Latham, 2 Morr. Trans. 638.

(g) Cohens v. Virginia, 6 Wheat. 264.

(h) Greene v. Klinger, 10 Fed. Rep. 689.

(i) Calloway v. Ore Knob Co. 74 N. C. 200.

(j) Hatch v. Chicago, R. I. & P. R. Co. 6 Blatchf. 105.

(k) Pond v. Sibley, 7 Fed. Rep. 129; Nat. Bank of Lyndon v. Wells Riv. Manuf'g Co. 7 Fed. Rep. 750.

(l) Nat. Bank of Lyndon v. Wells Riv. Manuf'g Co. 7 Fed. Rep. 750; Pond v. Sibley, Id. 129.

(m) Fisk v. Chicago, R. I. & P. R. Co. 6 Blatchf. 105.

(n) Danville Bk. & T. Co. v. Parks, 88 Ill. 170.

(o) Town of Aroma v. Auditor, 2 Fed. Rep. 33.