## DEFORD, HINKLE & Co. *v.* MEHAFFY and others.

*(Circuit Court, W. D. Tennessee. November 11, 1882.)*

REMOVAL OF CAUSE—INDISPENSABLE PARTIES—GARNISHEES.

Although certain defendants were made parties to a bill in equity on the allegation that they were indebted to the principal defendant, and thus became real parties to the suit, yet it does not follow that they are indispensable parties to the controversy.

*Stokely Hays*, for the motion.

*H. W. McCorry, contra.*

HAMMOND, D. J. This is a second motion to remand this case, upon a ground not urged on the hearing of the first motion, which was overruled. *Deford* v. *Mehaffy*, 13 FED. REP. 481. It is now said that the defendants who were made parties upon the allegation that they were indebted to the principal defendant are citizens of this state, as are the plaintiffs, and that this defeats our jurisdiction. The case of *Hyde* v. *Ruble*, 194 U. S. 407, is relied upon. I think it has no application. While the resident defendants to this bill in equity do not occupy precisely the attitude of mere garnishees at law, in the sense that the case can be said to be at issue before they

answer or there has been *pro confesso* against them, they are not, though proper parties, indispensable parties, and they have no such interest in the controvesy as makes this an inseparable controversy with citizens of the same state as the plaintiff, thereby defeating our jurisdiction. The judgment on the former motion does not lead to this result. It was there held that, unlike bare garnishees at law, these defendants were substantially *parties* to the record,—not *quasi* parties, but real parties,—entitled to answer, and the case was not ready for trial, so as to close the principal defendant's right of removal by a lapse of the first trial term, until they had answered, or there had been a *pro confesso*. But it does not follow that they are indispensable parties to the controversy with the principal defendant, and as they clearly are not, the motion to remand must be overruled. So ordered.

Since the foregoing judgment, Mr. Justice HARLAN's opinion in the case of *Bacon* v. *Rives*, not yet reported,* (to appear in 105 U. S.,) has been received, It fully sustains the above ruling. HAMMOND, D. J.

---

Nominal parties are not to be treated as parties, although made parties, to the suit, (*Livingston* v. *Gibbons*, 4 Johns. Ch. 94; *James* v. *Thurston*, 6 R. I. 428;) so, if a citizen of the state where suit is brought is not a necessary party, and his presence is not essential, the non-resident defendant may remove, although the former does not unite in the petition, (*Hatch* v. *Chicago, R. I. & P. R. Co.* 6 Blatchf. 105; *Ex parte Girard*, 3 Wall. Jr. 263; *Hadley* v. *Dunlap*, 10 Ohio St. 1; *Livingston* v. *Gibbons*, 4 Johns. Ch. 94;) and if all the defendants join but one, and that one is an unnecessary party, the cause may be removed, (*Cooke* v. *Seligman*, 7 FED. REP. 263.) The right to a removal is not affected by the fact that a defendant, a citizen of the same state, is a proper but not an indispensable party to a separable controversy. *Barney* v. *Latham*, 103 U. S. 205. So, where a landlord, the real owner, assumes the defense, he makes himself a party, and, being the real defendant, may remove the cause if he has the requisite citizenship, (*Greene* v. *Klinger*, 10 FED. REP. 689; *Wilber* v. *Nat. Bank*, 12 Chi. Leg. N. 75;) and so where a tenant disclaims title and has the landlord substituted as defendant, (*State* v. *Lewis*, 12 FED. REP. 1, and note, p. 7; see *Allin* v. *Robinson*, 1 Dill. 119; *Relfe* v. *Rundle*, 103 U. S. 222; *Chaffraix* v. *Board of Liquidation*, 11 FED. REP. 638.) Where a married woman, sole owner of a patent, brings suit thereon for an infringement, her husband need not be a party. *Lorillard* v. *Standard Oil Co.* 18 Blatchf. 199.

Where the real party to a controversy is clearly entitled to have his rights passed upon by the courts of the United States, he is entitled to remove, although the the nominal party has no such right, (*Cohens* v. *Virginia*, 6 Wheat. 264,) and though the nominal party be a party on the record, (*Greene* v. *Klinger*,

*See now *Bacon* v. *Rives*, 5 Morr. Trans. 35.

10 FED. REP. 689.) So, in ejectment, the sole owner may remove, although his grantor, a citizen of the same state as plaintiff, is a party. *Calloway* v. *Ore Knob Co.* 74 N. C. 200. Officers of a corporation, joined as defendants in equity, but as to whom no relief is prayed, are nominal parties, such as will not defeat the right to a removal. *Hatch* v. *Chicago, R. I. & P. R. Co.* 6 Blatchf. 105; and see *Pond* v. *Sibley*, 7 FED. REP. 129; *Nat. Bank of Lyndon* v. *Wells Riv. Manuf'g Co.* 7 FED. REP. 750. State and county officers are not necessary parties to a controversy relating to the validity of bonds. *Town of Aroma* v. *Auditor*, 2 FED. REP. 33. Jurisdiction is not defeated by joining as nominal parties the executors of a deceased person, citizens of the same state as complainant. *Walden* v. *Skinner*, 101 U. S. 577. A garnishee is not a party to the suit, as proceedings in garnishment process are but incident to the suit. *Cook* v. *Whitney*, 3 Woods, 715. See *Ellis* v. *Sisson*, 11 FED. REP. 353.—[ED.