STATE *ex rel.* CITY OF COLUMBUS *v.* COLUMBUS & XENIA R. Co. *et al.*

(*Circuit Court, S. D. Ohio, E. D.* December 31, 1891.)

1. REMOVAL OF CAUSES—PROCEEDING IN MANDAMUS.
    As the federal circuit courts have no jurisdiction in *mandamus* except in aid of jurisdiction previously acquired, an original proceeding in *mandamus,* brought upon the relation of a city to compel certain railroads to lower the grade of a street crossing, is not removable thereto from the state court at the instance of a non-resident defendant. *Rosenbaum* v. *Bauer,* 7 Sup. Ct. Rep. 633, 120 U. S. 450, followed.
2. SAME—JURISDICTION OF CIRCUIT COURT—STATE AS PARTY.
    In such a proceeding the state is the real party in interest, and for this reason also the circuit court would have no jurisdiction of the case. *New Hampshire* v. *State,* 2 Sup. Ct. Rep. 176, 108 U. S. 76, followed.
3. SAME—FEDERAL QUESTION.
    The fact that one of the roads claims to have a vested right in the existing crossing, which is entitled to protection under the constitution of the United States

does not, under such circumstances, give the circuit court jurisdiction. The proper course is to raise the federal question in the state courts, and then take it by appeal to the United States supreme court.

**4. SAME—SEPARABLE CONTROVERSY.**

A proceeding in *mandamus* on the relation of a city to compel several railroads to lower a street crossing jointly used by them is not a separable controversy as between the state and one of the roads which uses the track over the crossing by virtue of a lease from another road.

At Law. Motion to remand.

This is a proceeding in *mandamus*, instituted by the state of Ohio upon the relation of the city of Columbus to compel the defendant railroad companies, all of which, with the exception of the Baltimore & Ohio Railroad Company, are citizens of the state of Ohio, to construct a safe and sufficient crossing over the tracks at High street in said city, and to restore said highway to its original condition of usefulness. The petition was filed in the circuit court of Franklin county, Ohio, on the 24th day of February, 1891. On the 3d of October, 1891, the defendant the Baltimore & Ohio Railroad Company and certain other companies were by leave of the court made defendants, and duly served with process requiring them to appear on the 2d of November, 1891, and show cause as specified in the writ. On the 31st of October, 1891, the Baltimore & Ohio Railroad Company filed an answer, setting up that it was a corporation organized under the laws of the state of Maryland, and that it acquired by contract made by its lessors with the city of Columbus the right to the use of said street, and to cross the same at grade; and that said contract was in full force, and conferred upon it vested rights, which neither the state nor the city could interfere with or take away. The petition for removal was filed on the 2d of November, 1891. It sets forth that the defendant is a citizen of the state of Maryland and the plaintiff a citizen of the state of Ohio, and that there is a separable controversy between them which can be fully determined without the presence of any of the other parties to the suit. It also sets forth the nature of the suit, and the denial of the alleged corporate duty, obligation, and liability of the defendant set out in the petition filed in said cause. The motion to remand assigns the following reasons:

(1) That this court has no jurisdiction to hear and determine the controversy in this action.

(2) That this is not an action mentioned or described in the act of congress defining the jurisdiction of the circuit courts of the United States.

(3) That it is not a suit between the city of Columbus and the defendants, or any of them, but that it is a suit between the state of Ohio and these defendants.

(4) That the duty, obligation, and liability of the Baltimore & Ohio Railroad Company, which the plaintiff prays the court to compel said defendant to perform, is not distinct and separate from the duty, obligation, and liability of the other defendants in this cause.

(5) That the matter in dispute does not exceed, exclusive of interest and costs, the sum and value of $2,000.

*Selwyn N. Owen*, for relator.
*J. H. Collins*, for Baltimore & O. R. Co.

SAGE, J.   The objections to the jurisdiction are:   *First.* That the circuit court of the United States cannot acquire jurisdiction by removal from a state court of an original proceeding in *mandamus*, such as was instituted in this cause.   The state of Ohio, upon the relation of the city of Columbus, seeks to compel the defendants to lower their tracks at the crossing of High street, so as to place them 12 feet and 3 inches below their present location.   *Second.* That the state of Ohio is the plaintiff, and the real party in interest in the cause.   The first objection is supported by *Rosenbaum* v. *Bauer*, 120 U. S. 450, 7 Sup. Ct. Rep. 633, holding that a circuit court of the United States has no jurisdiction in *mandamus* except in aid of a jurisdiction previously acquired by that court, and that it cannot acquire jurisdiction by removal from a state court of an original proceeding to obtain a *mandamus* against the treasurer or the board of supervisors of a city to compel them to take action, in accordance with the statute of Ohio, to pay the interest or principal of bonds issued by the city.   The objection that the state is the real party in interest, and therefore the case is not within the jurisdiction of the circuit court, is supported by *New Hampshire* v. *State*, 108 U. S. 76, 2 Sup. Ct. Rep. 176; *New Jersey* v. *Babcock*, 4 Wash. C. C. 344; and *Adams* v. *Bradley*, 5 Sawy. 217.   The objections to the jurisdiction of the court on each of the above grounds are well taken, and will be sustained.

It is also urged that there is not in this case a separable controversy between the Baltimore & Ohio Railroad Company and the plaintiff. The proceeding is against the defendants jointly.   They all use the tracks at the crossing of High street, and the prayer is that they be compelled to lower them as stated above, and to construct a viaduct which shall accommodate the travel over the street.   In the nature of the case, the judgment in the cause must be for or against all the defendant companies.   Certainly no decree could be rendered against the Baltimore & Ohio Railroad Company without including its lessor, under whose lease it operates its trains upon the tracks which cross High street; and the lessor is a citizen of the state of Ohio.   The fact that the Baltimore & Ohio Railroad Company filed a separate answer does not make its controversy a separable one.   *Ayres* v. *Wiswall*, 112 U. S. 187, 5 Sup. Ct. Rep. 90; *Railroad Co.* v. *Ide*, 114 U. S. 52, 5 Sup. Ct. Rep. 735; *Pirie* v. *Tvedt*, 115 U. S. 41, 5 Sup. Ct. Rep. 1034, 1161; *Sloane* v. *Anderson*, 117 U. S. 275, 6 Sup. Ct. Rep. 730.   Upon the proposition that the controversy is not a separable one, *Ayres* v. *Wiswall*, cited above; *Railway Co.* v. *Wilson*, 114 U. S. 60, 5 Sup. Ct. Rep. 738; *Starin* v. *City of New York*, 115 U. S. 248, 6 Sup. Ct. Rep. 28; and *Safe-Deposit Co.* v. *Huntington*, 117 U. S. 280, 6 Sup. Ct. Rep. 733,—are in point, and leave no room for doubt that the Baltimore & Ohio Railroad Company has no separable controversy in this case.

Counsel for the Baltimore & Ohio Railroad Company, however, contend that the defense that the company has vested rights which are sought

to be interfered with or taken away by the proceeding in *mandamus* raises a federal question which brings the case within the jurisdiction of this court. This point was considered in *Dey* v. *Railway Co.*, 45 Fed. Rep. 82. There the suit was brought by the state railroad commissioners to compel a railway company to obey an order made by them in their official capacity respecting the transportation of cars. The complainants were all citizens of Iowa, and the defendants, a Wisconsin corporation. The case was removed to the circuit court of the United States. It was urged against the motion to remand that upon the face of the record it was apparent that there was a federal question involved, which conferred jurisdiction upon the federal court. The court held that, if it were admitted that the facts pleaded by the defendant company presented a question arising under the constitution and laws of the United States, the inherent nature of the proceeding would not thereby be changed, and that, if the subject-matter of the suit was not within the jurisdiction of the circuit court, a defense thereto, based upon the constitution or laws of the United States, could not confer upon that court the power to grant the relief sought if that defense were overruled. The court further held that the remedy in such cases is to set up in the state court the defense presenting the federal question, and upon an adverse ruling it could be taken from the court of last resort in the state to the supreme court of the United States, and in that way the administration of the public laws of the state be left to the state tribunals, and the federal question be finally decided by the highest federal court. This is a clear and forcible statement of the rule, in which I entirely concur, and it disposes of the objection.

As to the proposition that this suit does not involve in amount or value the sum necessary to bring it within the jurisdiction of this court, the pleadings and the admissions of counsel upon the hearing of the motion make it plain that the objection is not well founded. The changing of the grade of the tracks, saying nothing of any other cost or expense, must necessarily cause an outlay of many times the jurisdictional amount.

The motion to remand will be granted, at the costs of the Baltimore & Ohio Railroad Company.