AMSDEN *v.* NORWICH UNION FIRE INS. SOC.

SAME *v.* TRADERS' INS. CO. OF CHICAGO.

*(Circuit Court, D. Indiana. December 2, 1890.)*

1. REMOVAL OF CAUSES—TIME OF APPLICATION.
   Act Cong. March 3, 1887, requires a petition for removal to be filed before defendant is compelled to plead to the action under the state practice. *Held* that, under Rev. St. Ind. 1881, § 516, which enables the plaintiff to fix the day of defendant's appearance by indorsement thereof on the complaint in cases where the summons is returnable in term-time, but which nowhere prescribes a time for answering or pleading, defendant's application for a removal, made after the appearance day so fixed, is in time, provided it is made at or before the time when an answer or plea is required to be filed by a rule of the court, whether the rule be general or special.

2. SAME—RESIDENCE—FOREIGN CORPORATION.
   The fact that, in compliance with Rev. St. Ind. 1881, § 3765, a foreign corporation doing business within the state has appointed a resident agent upon whom process may be served, does not constitute it a resident of the state; and, on being sued in a state court, it may assert its non-residence, and claim a removal to the federal court, under Act March 3, 1887, providing for removal by non-residents. Disapproving *Scott* v. *Cattle Co.*, 41 Fed. Rep. 225.

At Law.

*Lore & Morrison* and *Hord & Adams*, for plaintiffs.

*Duncan & Smith*, for defendants.

WOODS, J. In each of these cases there is a motion to remand to the state court, and the grounds of the motion are the same in both cases. The record shows that the action in each case was commenced on the 22d day of May, 1890, in term-time of the Shelby circuit court, by the filing of a complaint upon which there was an indorsement fixing June 7, 1890, as the return-day of the writ of summons; that the summons was accordingly issued and served upon the proper local agent of the respective companies more than 10 days before the return-day; that on Thursday, June 6th, the court adjourned until Monday, June 9th; that on June 6th, during the temporary vacation of the court, the defendants filed their respective applications and bonds for the removal of the causes to this court, and on June 9th in open court "offered to file the same with the court, to which the plaintiffs objected, for the reason that the same was not filed in open court on or before the return-day of the summons." The same objection is urged here, counsel for the complainants insisting that upon a strict and proper construction of the statute the application for a removal must be made in court; that the filing with the clerk was ineffective; to which point they cite *Gilbert* v. *Hall*, 115 Ind. 549, 18 N. E. Rep. 28; *Shedd* v. *Fuller*, 36 Fed. Rep. 609; and that the impossibility of presenting the application to the court on the return-day of the summons because of the temporary adjournment of the court, however unfortunate for the defendants, is a fact which, under the law, is not material or relevant to the question; that, under the state statute, the defendants were bound not only to appear upon the day named in

the summons, but also to plead or answer on that day, and that on any subsequent day a motion for removal of the causes to the federal court was too late. In support of this view counsel have cited *Kaitel* v. *Wylie*, 38 Fed. Rep. 865; *Wedekind* v. *Southern Pac. Co.*, 36 Fed. Rep. 279; *Dixon* v. *Telegraph Co.*, 38 Fed. Rep. 377; *Doyle* v. *Beaupre*, 39 Fed. Rep. 289.

In *McKeen* v. *Ives*, 35 Fed. Rep. 801, a closely similar question was considered, and the Indiana statutes bearing upon it (Rev. St. 1881, §§ 314, 400, 401, 516) were quoted from and construed. It is provided in section 516 that "when the complaint is filed, whether before or during any term of court, the plaintiff may fix the day during such term, by indorsement thereof upon the complaint at the time of filing the same, on which the defendant shall appear." But there is nothing explicit in this provision or elsewhere in respect to the time of answering or pleading in such cases. That is left to be governed by the rules or practice of the court. Doubtless, upon the return-day of the writ as indorsed on the complaint, if the summons has been duly served, the defendant failing to appear, judgment may be taken against him by default, but not for failing to plead or answer, unless a rule to answer has been entered against him, or unless there is a general rule of the court requiring the defendant in cases so commenced so plead or answer on that day. It is not claimed that the Shelby circuit court had a general rule on the subject. As was said in *McKeen* v. *Ives*:

"The right to make the motion [for removal] is not restricted by the act of March 3, 1887, to the time of appearance, or to the time when a default for want of appearance might be taken; but, by the terms of the act, the petition may be presented at the time or any time before the defendant is required by the laws of the state, or the rule of the state court in which the suit is brought, to answer or plead to the declaration or complaint of the plaintiff."

The meaning of this expression does not turn upon the definition of the word "require," as was erroneously assumed in *Tan-Bark Co.* v. *Waller*, 37 Fed. Rep. 547, where it was quoted and disapproved; but upon the difference between a statute which, like that of Indiana, fixes the time for appearance to an action, and one which fixes the time for pleading or answering. Thus understood, the expression is in entire harmony with the decisions in *Wedekind* v. *Southern Pac. Co.*, supra, and other cases cited to the contrary. If, therefore, the Shelby circuit court had been in session on the 7th of June, and had entered no rule against the defendants to answer on that day, as perhaps it might have done, the motion as made the 9th would have been in time; in other words, under the Indiana statute, which, in respect to cases in which the summons is made returnable on a day in term-time, fixes a time for appearance, but does not prescribe a time for answering or pleading, the party may apply for a removal at or before the time when an answer or plea is required by a rule of the court to be filed, whether the rule be general or special. Upon this view, it is not necessary to consider the effect of the filing of the motion with the clerk during the temporary adjourn-

ment of the court, and the presentation of the petition to the court at the first opportunity in open session. See *Burck* v. *Taylor*, 39 Fed. Rep. 581; *Brown* v. *Murray Nelson & Co.*, 43 Fed. Rep. 614.

Another objection made to the jurisdiction of this court is that the parties on both sides of the cases are citizens of Indiana. The defendants, it is conceded, are corporations of other states, but they had filed from time to time with the auditor of state the statements and instruments required by section 3765 of the Indiana statutes, (Revision of 1881,) "authorizing their agents doing business in the state to acknowledge service of process for and on behalf of the companies, and consenting that service of process upon such agents should be taken and held to be as valid as if served upon the company according to the laws of the state;" and it is insisted that by so doing they became resident citizens of the state within the meaning of the removal act. This position is supported by the decisions in *Scott* v. *Cattle Co.*, 41 Fed. Rep. 225; *Zambrino* v. *Railway Co.*, 38 Fed. Rep. 449; but the weight of authority, and, as it seems to me, sound reason, are the other way. There is, I think, no well-considered exception to the rule that the residence and citizenship of a corporation must be in the jurisdiction of its creation. It may send its agents into other states to do business, and may consent to be sued there in the state courts by means of process served upon its agents; but even if so intended, it could not thereby effect a change of residence or citizenship. Without enlarging upon the question, reference is made to the authorities cited by counsel for the defendant, some of which show the general rule of corporate domicile or residence, and others cover the particular question: *Railway Co.* v. *Whitton*, 13 Wall. 289; *Morton* v. *Insurance Co.*, 105 Mass. 141; *Telegraph Co.* v. *Dickinson*, 40 Ind. 444; *Hobbs* v. *Insurance Co.*, 56 Me. 417; *Knorr* v. *Insurance Co.*, 25 Wis. 143; *Stevens* v. *Insurance Co.*, 41 N. Y. 149; *Merrick* v. *Van Santvoord*, 34 N. Y. 218; *Railroad Co.* v. *Wheeler*, 1 Black, 286; *Hatch* v. *Railroad Co.*, 6 Blatchf. 105; *Wilson* v. *Telegraph Co.*, 34 Fed. Rep. 561; *Cooley* v. *McArthur*, 35 Fed. Rep. 372; *County Court Taylor Co.* v. *Baltimore & O. R. Co.*, Id. 161; *Filli* v. *Railroad Co.*, 37 Fed. Rep. 65; *Booth* v. *Manufacturing Co.*, 40 Fed. Rep. 1; *Bensinger, etc., Co.* v. *National, etc., Co.*, 42 Fed. Rep. 81; *Henning* v. *Telegraph Co.*, 43 Fed. Rep. 97; *Purcell* v. *Land Co.*, 42 Fed. Rep. 465; *Fales* v. *Railway Co.*, 32 Fed. Rep. 675; *Rece* v. *Newport News, etc., Co.*, (W. Va.) 9 S. E. Rep. 212. See, also, *Nashua & L. R. Corp.* v. *Boston & L. R. Corp.*, 136 U. S. 356, 10 Sup. Ct. Rep. 1004.

Under the acts of congress of March 3, 1887, and August 13, 1888, a corporation, it may be, can be sued in a federal court only in the state where it was created; but when, under statutes of the state like the one referred to, it is sued elsewhere in local tribunals, by means of process served upon an agent, it may assert its non-residence, and, if the facts in other respects justify it, may claim a removal to the federal court.

Motions overruled.