**GORGONE v. MARYLAND CASUALTY CO.**

**No. 707.**

District Court, E. D. Pennsylvania.

March 14, 1940.

David Freeman and Robert C. Brown, both of Philadelphia, Pa., for plaintiff.

Richard A. Smith, of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is a motion of plaintiff to remand the case to the state courts.

The plaintiff is a resident of Pennsylvania, and brought a bill in equity in the Pennsylvania state courts against the defendant. The cause of action arises out of an insurance policy which the defendant wrote for a resident of Pennsylvania. The defendant is a Maryland corporation engaged in the business of writing insurance, is registered to do business in the State of Pennsylvania, and has conformed with all the requirements to do business in this state. The defendant had the cause remitted to the federal courts on the ground of diversity of citizenship and the plaintiff has petitioned this court to remand the case to the state courts.

The defendant, in order to obtain a license to do business in Pennsylvania, complied with a Pennsylvania statute [1] requir-

---

[1] "It shall, by a duly executed instrument filed in his office, constitute and appoint the Insurance Commissioner or his successor its true and lawful attorney, upon whom all lawful processes in any action, rule, order, or legal proceeding against it may be served; and therein shall agree that any lawful process against it which may be served upon him as its said attorney shall be of the same force and validity as if served on the company * * *." 40 P.S. § 421 (c).

ing it to appoint the insurance commissioner as its lawful attorney upon whom lawful processes may be served.

Counsel for the plaintiff contends this statute prohibits the removal of causes to the federal court. He argues the words of the statute "as if served on the company" intended the service to be of the same effect as if the company were served within the jurisdiction of its incorporation at its home office. He contends further that a state has the right to force a foreign insurance company to waive its right to remand a case to the federal courts as a prerequisite to doing business within the state and cites Security Mutual Life Insurance Company v. Prewitt, 202 U.S. 246, 26 S.Ct. 619, 50 L.Ed. 1013, 6 Ann. Cas. 317, as authority.

The motion to remand must be denied.

I think the plaintiff misinterprets the decision of the Prewitt case. It followed Home Insurance Co. v. Morse, 87 U.S. 445, 20 Wall. 445, 22 L.Ed. 365, insofar as it enunciated the principle that a state may not, in imposing conditions upon the privilege of a foreign corporation's doing business in the state, exact from it a waiver of its constitutional right to resort to the federal courts. The Prewitt case did add that a statute would not be invalid that withdrew the privilege of doing business in a state to a foreign corporation because of its exercise of its right to resort to the federal ·courts. In this latter aspect the Prewitt case has been overruled by Terral v. Burke Const. Co., 257 U.S. 529, 533, 42 S.Ct. 188, 66 L.Ed 352, 21 A.L.R. 186.

If the Pennsylvania statute would attempt, as contended by the plaintiff, to abridge a foreign corporation's right of removal of a suit to a federal court, it would be in violation of the Constitution of the United States and be void. Home Insurance Co. v. Morse, supra; Terral v. Burke Const. Co. supra. The Pennsylvania statute does not even attempt to regulate the removal and it does not fix any penalty, for doing business within the state, upon a foreign corporation which removes its case to the federal court.

In the case of Amsden v. Norwich Union Fire Ins. Soc., C.C.Ind., 44 F. 515 there was a motion to remand to the state court. It was contended that the defendant, a corporation of another state, by authorizing an agent to accept service of process, became a resident citizen of the same state as the plaintiff and therefore prevented the removal of the suit to the federal court. The court held otherwise, and citing many cases, 44 F. at page 517, said that the foreign corporation may assert its nonresidence and, if the facts in other respects justified, may claim a removal to the federal court.

In Martin v. Baltimore &'Ohio R. Co., 151 U.S. 673, 677, 14 S.Ct. 533, 535, 38 L.Ed. 311, the Supreme Court said: "A railroad corporation created by the laws of one state may carry on business in another, either by virtue of being created a corporation by the laws of the latter state also * * *; or by virtue of a license, permission, or authority, granted by the laws of the latter state, to act in that state under its charter from the former state. * * * In the first alternative, it cannot remove into the circuit court of the United States a suit brought against it in a court of the latter state by a citizen of that state, because it is a citizen of the same state with him. * * * In the second alternative, it can remove such a suit, because it is a citizen of a different state from the plaintiff." In accord with this same principle, see Walters v. Chicago, B. & Q. R. Co., C.C.Neb., 104 F. 377, affirmed 186 U. S. 479, 22 S.Ct. 941, 46 L.Ed. 1266; Southern R. Co. v. Allison, 190 U.S. 326, 23 S. Ct. 713, 47 L.Ed. 1078.

■ Under the above decisions, there appears a diversity of citizenship between the parties to this suit which gives jurisdiction of the subject matter to the federal courts. The defendant complied with the Pennsylvania statute, appointed an agent upon whom process could be served, and consented to be sued in Pennsylvania. Its action gave venue and jurisdiction of the person to this court. See opinion by Judge Cardozo, Bagdon v. Philadelphia & Reading C. & I. Co., 217 N.Y. 432, 436, 437, 111 N.E. 1075, L.R.A.1916F, 407, Ann.Cas.1918A, 389. With this state of facts, certainly the plaintiff can interpose no valid objection.

The leading case on suing foreign corporations in the federal courts of a state where it has appointed an attorney on whom to serve lawful process is Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853. In O'Donnell v. Slade, D.C.Pa., 5 F.Supp. 265, 267, Judge Johnson, commenting on the Schollenberger case, said it "decided many years ago that a foreign cor-

poration doing business in Pennsylvania under a license granted pursuant to a statute of Pennsylvania, which, among other things, provided that the company should file a written stipulation agreeing that process issued in any court of that commonwealth having jurisdiction of the subject-matter, and served upon the insurance commissioner of Pennsylvania, or the agent specified by the company, to receive service of process for it, should have the same effect as if personally served upon the company within the state, could be sued in the federal courts of Pennsylvania and that such courts were 'courts of the Commonwealth' within the intent of the statute."

In the recent case of Neirbo Co. v. Bethlehem Shipbuilding Corporation, Ltd., 308 U.S. 165, 60 S.Ct. 153, 156, 84 L.Ed. ——, the interesting and illuminating opinion of the Supreme Court, speaking through Mr. Justice Frankfurter, cites the Schollenberger case with approval, and commenting on that case says: "Since the corporation had consented to be sued in the courts of the state, this Court held that the consent extended to the federal courts sitting in that state. As to diversity cases, Congress has given the federal courts 'cognizance, concurrent with the courts of the several States'. * * * The consent, therefore, extends to any court sitting in the state which applies the laws of the state." The court in the Neirbo opinion points out that the House of Representatives, aiming to change the law, passed a bill prohibiting "resort to the federal courts by foreign corporations authorized to do a local business. The Senate rejected, as it had done upon three previous occasions, this House proposal."

It is sound practice "to apply the doctrine of Schollenberger's case by considering the designation of an agent for service of process an effective consent to be sued in the federal courts." Neirbo Co. v. Bethlehem Shipbuilding Corp., supra. See, also, Dehne, Receiver, v. Hillman Investment Co., 3 Cir., 110 F.2d 456, decided March 7, 1940; Anthony, Inc., v. National Broadcasting Co., D.C., 8 F.Supp. 346; Silverstein v. Ætna Life Insurance Company, D.C., 16 F.Supp. 404.

█ These cases point out that compliance with state laws requiring a foreign corporation to appoint an agent upon whom process may be served does not frustrate its right of removal to the federal court of an action against it by a resident of the state.

The motion to remand is denied.